DATE FILED: February 5, 2019 6:10 PM
FILING ID: 5FDA706DDCA32
CASE NUMBER: 2019CV30215

| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY, COLORADO<br>1100 Judicial Center Dr.<br>Brighton, CO 80601<br>(303) 659-1161 | **COURT USE ONLY** |
| Plaintiff: SANDRA DUBE<br><br>v.<br><br>Defendants: OFFICE DEPOT, INC., a Delaware corporation | |
| Attorney for Plaintiff<br>David O. Hansen, Reg. #29363<br>Royall E. S. Charsley, Reg. #32715<br>Kumpf Charsley & Hansen, LLC<br>9565 S. Kingston Ct., Suite 100<br>Englewood, CO 80112<br>Telephone: (720) 473-8000<br>Fax : 1-866-557-1561 (Toll-Free)<br>dhansen@kch-law.com<br>rcharsley@kch-law.com | Case Number:<br><br>Division<br><br>Courtroom |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff Sandra Dube, acting through her attorneys Kumpf Charsley & Hansen, LLC, complains against the Defendant as follows:

## THE PARTIES

1.  At all times relevant to this *Complaint*, Plaintiff Sandra Dube ("Ms. Dube") was a resident of the State of Colorado.

2.  Defendant Office Depot, Inc. ("Office Depot"), is a Delaware corporation with its principal office at 6600 N. Military Trail, C516N, Boca Raton, FL 33496, and registered agent within the jurisdiction of this court being Corporate Creations Network Inc. at 155 E. Boardwalk

**EXHIBIT A**

#490, Fort Collins, CO 80525. At all times relevant herein, Office Depot maintained a local store (Store No. 593) at 411 S. 104th Ave., Northglenn, CO 80234, ("the Premises").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter and the controversies described herein because this is civil action for damages and/or equitable relief. Colo. Const. Art. VI § 9(1).

4. This Court has personal jurisdiction over the Defendant because: (a) it purposefully availed itself of the rights and privileges of Adams County, Colorado, at all times material to this action; (b) at all times relevant to this *Complaint*, it transacted business in Colorado within the meaning of Colo. Rev. Stat. § 13-1-124; and/or (c) it committed the tortuous or other wrongful acts and omission described below, with resulting injury, damages, loss or other consequences in Adams County, Colorado.

5. Venue, pursuant to Colo. R. Civ. P. 98, is proper in Adams County because: (a) this is the County designated in this Complaint, (b) the defendant is found in Adams County, and (c) some of the tortuous or other wrongful conduct described elsewhere in this *Complaint* was committed in Adams County.

6. This case is not subject to the simplified procedures for court actions under Colo. R. Civ. P. 16.1 because the claims against the Defendant exceed $100,000.

## GENERAL ALLEGATIONS

7. Upon information and belief at all relevant times hereto, Defendant was the landowner responsible for the condition of the Premises.

8. On March 5, 2017, Ms. Dube went to the Premises to shop for office supplies.

9. Upon entering the store, Ms. Dube tripped and fell over a mat that had been placed in the front of the store near the entrance.

10. Ms. Dube fell to the floor, suffering serious injuries which included a distal fracture to the left femur.

11. As a result of the fall, Ms. Dube experienced intense pain in her left hip, leg and knee.

12. Witnesses rushed to help Ms. Dube and management was informed of the incident. Witnesses found that the mat that had been placed in the front of the store had edges that were wrinkled and not lying flat and flush with the floor. The mat was black and the wrinkles were not obvious to anyone entering the store unless focused directly on them. There was no sign warning customers of a tripping hazard.

13. An ambulance was called and Ms. Dube was transported to the North Suburban Medical Center, where she received medical treatment and was admitted to hospital. She later received corrective surgery and physical therapy related to the injury to her leg.

14. At all times relevant herein, Defendant was responsible for the property where the incident took place, was in possession of the Premises, and was legally responsible for the condition of the Premises and for the activities conducted or circumstances existing on the Premises.

15. At all times relevant herein, Ms. Dube was an invitee on the Premises.

16. The Defendant, as a landowner legally responsible for the condition of the Premises or the activities conducted on real property, has a non-delegable duty and therefore cannot assign the duties imposed upon it by C.R.S. § 13-21-115, and other statutes and law.

17. The condition of the mat on the floor at the front entrance constituted a dangerous and hazardous condition of which the Defendant knew or should have known.

18. The dangerous and hazardous condition of the mat on the floor of the Premises was the cause of Ms. Dube's fall.

19. The comparative negligence of Ms. Dube, if any, was not a factor in causing or contributing to the events complained of herein.

20. Ms. Dube has not failed to mitigate any damages she incurred as a result of the Incident complained of herein.

21. As a result of the fall, Ms. Dube has suffered physical and mental injuries and has incurred costs, losses and damages including but not limited to:

   a. past and future medical expenses;

   b. past and future physical and mental pain and suffering, loss of enjoyment of life, past and future mental anguish and other non-economic damages;

   c. past and future lost earnings and/or loss of earning capacity; and

   d. monetary damages.

22. As a result of the fall and injuries she suffered due to the dangerous condition of the Defendants' Premises, Ms. Dube underwent and may require future medical and surgical procedures relating to her injuries. Ms. Dube has suffered and will continue to suffer damages resulting from Defendant's negligence in an amount to be proven at trial.

**FIRST CLAIM FOR RELIEF**

**(Premises Liability)**

23. Plaintiff hereby incorporates paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff lawfully entered the Premises as an invitee of Defendant.

25. Defendant was in possession of the Premises and/or was legally responsible for the condition of the Premises or for the activities or circumstances existing on the Premises, including the condition of the floor.

26. Defendants knew or should have known of the dangers created by the mat on the floor near the entrance of the Premises.

27. As a direct or proximate result of the Defendants' failure to exercise reasonable care with respect to the maintenance and care of the floor at the Premises and to protect against such dangers, Plaintiff suffered the damages and losses.

## SECOND CLAIM FOR RELIEF

### (Negligence)

28. Plaintiff hereby incorporates paragraphs 1 through 27 as if fully set forth herein.

29. Defendant owed certain duties to Plaintiff and others to exercise reasonable care to protect them against the dangers of which Defendant actually knew or should have known. This included, without limitation, maintaining the floor in a safe condition, free from slipping or tripping hazards to pedestrians, such as Plaintiff.

30. The condition of the mat on the floor of the Premises constituted an unsafe tripping hazard that was dangerous to the Plaintiff and other pedestrians.

31. Defendant actually knew or should have known of the dangers relating to the hazardous condition of the Premises that was used by pedestrians, such as Plaintiff.

32. Defendant failed to exercise reasonable care by failing to correct or mitigate the unsafe and hazardous condition.

33. Defendant failed to exercise reasonable care by failing to warn Plaintiff and others of the unsafe and hazardous condition on the Premises.

34. As a direct and proximate result and consequence of Defendant's negligence, Plaintiff suffered the damages and losses.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

A. For economic and non-economic damages in an amount to be determined at trial;

B. For lost wages in amounts to be proved at trial;

C. For permanent impairment, the percentage to be proved at trial;

D. For disability, the full effect to be proved at trial;

E. For attorney fees, costs, and expenses incurred herein, pursuant to statute;

G. Pre and post judgment interest until paid; and,

H. Such other and further relief as this Court may deem appropriate.

**PLAINTIFF REQUESTS A TRIAL TO A JURY OF SIX (6) PERSONS.**

Dated this 5 day of February, 2019.

Respectfully submitted:

KUMPF CHARSLEY & HANSEN, LLC

_____
David Hansen, #29363
9565 S. Kingston Ct., Suite 100
Englewood, CO 80112
(720) 473-8000
dhansen@kch-law.com

<u>Address of Plaintiff</u>
Ms. Dube
10512 Carlile Street
Northglenn, CO 80233

| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY, COLORADO<br>1100 Judicial Center Dr.<br>Brighton, CO 80601<br>(303) 659-1161 | DATE FILED: February 5, 2019 6:10 PM<br>FILING ID: 5FDA706DDCA32<br>CASE NUMBER: 2019CV30215 |
| Plaintiff:  SANDRA DUBE<br><br>v.<br><br>Defendants:  OFFICE DEPOT, INC.*,* a Delaware corporation | **COURT USE ONLY** |
| Attorney for Plaintiff<br>David O. Hansen, Reg. #29363<br>Royall E. S. Charsley, Reg. #32715<br>Kumpf Charsley & Hansen, LLC<br>9565 S. Kingston Ct., Suite 100<br>Englewood, CO 80112<br>Telephone:  (720) 473-8000<br>Fax :  1-866-557-1561 (Toll-Free)<br>dhansen@kch-law.com<br>rcharsley@kch-law.com | Case Number:<br><br>Division: |

**DISTRICT COURT CIVIL (CV) CASE COVER SHEET
FOR INITIAL PLEADING OF COMPLAINT**

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

☐ This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

X This party is seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification:

> By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000."

**Or**

☐ Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3. X   This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

   Respectfully submitted this 5th day of February, 2019.

>                          /s/ David O. Hansen
>                          David O. Hansen, #29363
>                          Kumpf Charsley & Hansen LLC
>                          9565 S. Kingston Court, Ste. 100
>                          Englewood, CO  80112
>                          *Attorney for Plaintiff*